Gregory D. Phillips (4645)
Scott R. Ryther (5540)
HOWARD, PHILLIPS & ANDERSEN
560 E. 200 South, Suite 300
Salt Lake City, Utah 84102
(801) 366-7471
Attorneys for Plaintiffs

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF UTAH

| | |
|---|---|
| FORD MOTOR COMPANY, a Delaware corporation,<br><br>Plaintiff,<br><br>vs.<br><br>CONTAINER EXCHANGER LLC, a Georgia limited liability company, and DOES 1 THROUGH 30,<br><br>Defendants. | **FIRST AMENDED COMPLAINT**<br><br>Civil No. 2:09-cv-00286<br><br>Judge Clark Waddoups |

Plaintiff Ford Motor Company ("Ford"), for its complaint against Defendants, alleges as follows:

**SUBSTANCE OF THE ACTION**

1. This matter involves the unlawful theft and sale online of various products by Defendants, through eBay and through other internet websites, which products sometimes include Ford property, and in some cases include, upon information and belief, the sale of Ford's proprietary and copyrighted manuals and materials. This matter also involves the advertising,

promotion, offering for sale, and sale of products bearing counterfeits and/or confusingly similar versions of Ford's famous and registered trademarks.  By this Complaint, Ford states claims, among others, for copyright infringement pursuant to 17 U.S.C. §501, federal trademark infringement and counterfeiting pursuant to 15 U.S.C. § 1114, false designation of origin pursuant to 15 U.S.C. § 1125(a), and federal trademark dilution pursuant to 15 U.S.C. § 1125(c).

2. Ford requests an award of compensatory and punitive damages, injunctive relief preventing further use and/or disclosure of Ford's proprietary information and preventing further infringement and dilution of Ford's trademarks, a writ of replevin, an injunction compelling the return of all of the materials and information stolen by the defendants, other necessary injunctive relief, and attorneys' fees and costs.

## **PARTIES AND JURISDICTION**

3. Ford is a Delaware corporation with its principal place of business in Dearborn, Michigan.

4. Defendant Container Exchanger LLC ("Container Exchanger") is a limited liability company organized under the laws of the State of Georgia, with its principal place of business in Atlanta, Georgia.  Ford does not know the true names and capacities of the defendants named as Does 1 through 30, inclusive, and therefore sues such Defendants by such fictitious names.  Ford is informed and believes, and on that basis alleges, that they are in some way responsible for the damages suffered by Ford and described in this Complaint.  Ford is informed and believes that some or all of the Defendants conduct business through eBay which conducts business and has business operations located in this District.

5. Ford is informed and believes, and on that basis alleges, that each Defendant was the agent, employee, partner, and/or joint venturer of each of the other Defendants and, in committing the acts alleged herein, was acting within the course and scope of that relationship

and with the permission and consent of each of the other Defendants.

6.      This Court has jurisdiction over this matter pursuant to 28 U.S.C. §§ 1331, 1338, and 1367 in that all of Ford's claims either arise under federal law or are so related to claims arising under federal law that they form part of the same case or controversy under Article III of the United States Constitution.

## GENERAL ALLEGATIONS

7.      Ford owns and has authored creative works of expression, including but not limited to, manuals concerning Ford's automobiles and related products and services. Ford has also developed trademark rights in a number of famous and distinctive trademarks, including for example, the word mark FORD®, the FORD OVAL LOGO®, the word mark MERCURY®, the MERCURY LOGO®, the word mark MUSTANG®, and the MUSTANG RUNNING PONY LOGO®. Ford has obtained numerous United States trademark registrations for its trademarks (including those specifically listed above, but not limited to them), which registrations have become incontestable.

8.      The Defendants have advertised, promoted, offered for sale, and continue to offer for sale, various goods bearing counterfeits and/or confusingly similar versions of Ford's famous trademarks (including, but no limited to the marks specifically mentioned above) on eBay, including, for example, key chains, t-shirts and apparel, manuals on compact or digital video discs, license plate frames, bumper inserts, auto accessories, decals, and other products. Defendant Container Exchanger has advertised, marketed, and offered for sale bins and/or containers for industrial use bearing unauthorized versions and/or counterfeits of the Ford trademarks, including the FORD OVAL LOGO®. Container exchanger offers its infringing containers and other products on its internet website located at www.containerexchanger.com.

9.      The Defendants are in no way affiliated with Ford and Ford has never authorized the

Defendants to use Ford's trademarks on or in connection with Defendants' promotion and sale of products.

10. The Defendants' unauthorized use of Ford's trademarks in the promotion and designation of the Defendants' products is likely to cause confusion as to the source, sponsorship, and/or affiliation of Defendants and/or Defendants' products with Ford. In addition, Defendants' use of Ford's trademarks has caused and is likely to cause dilution of Ford's famous trademarks.

## COUNT I
### (Copyright Infringement against Doe Defendants)

11. Ford re-alleges and incorporates the allegations set forth above.

12. Defendants have infringed, contributed to, or induced the infringement of Ford's copyrighted works, under 17 U.S.C. §501 by making and reproducing, directing to be made and reproduced, or assisting in making and reproducing images that are identical to or substantially similar to Ford's copyrighted works.

13. In addition, in violation of 17 U.S.C. 103(a) Defendants have created unauthorized derivative works based on Ford's copyrighted works.

14. Defendants' aforesaid acts were deliberate, willful, and intentional violations of Plaintiffs' rights for the purpose of commercial gain, and were done so knowingly, without the authorization of Plaintiff, and with full knowledge of Plaintiffs' rights.

15. Defendants' aforesaid acts have caused, and will continue to cause substantial and irreparable injury to Plaintiffs unless such acts are restrained by this Court.

16. Ford has no adequate remedy at law.

17. Ford is entitled to recover its reasonable attorneys fees and costs incurred herewith, the exact amount of which will be proven at trial.

## COUNT II
### (Federal Trademark Counterfeiting and Infringement
### Under 15 U.S.C. § 1114, against all defendants)

18. Ford realleges and incorporates herein the allegations above.

19. Despite Ford's well-known prior rights in Ford's trademarks, Defendants have used and continue to use, without Ford's authorization, Ford's trademarks, or confusingly similar variations and imitations thereof, in connection with the advertisement, promotion, and sale of Defendants' products and services.

20. Defendants' use of Ford's trademarks is likely to cause consumer confusion as to whether Ford manufactures, endorses, sponsors, or licenses Defendants' products, or as to whether Defendants are somehow affiliated with Ford.

21. Defendants' actions constitute trademark counterfeiting and willful infringement of Ford's exclusive rights in its trademarks in violation of 15 U.S.C. § 1114.

22. As a direct and proximate result of Defendants' conduct, Ford has suffered irreparable harm to Ford's valuable trademarks. Unless Defendants are restrained from further infringement of Ford's trademarks, Ford will continue to be irreparably harmed.

23. As a direct and proximate result of Defendants' conduct, Ford is entitled to the equitable remedy of an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by Defendants from their infringing and diluting use of Ford's trademarks pursuant to 15 U.S.C. § 1117. Alternatively, Ford is entitled to statutory damages pursuant to 15 U.S.C. § 1117(c) of not less than $500 and up to $2,000,000 per counterfeit mark per type of goods sold, offered for sale, or distributed.

## COUNT III
### (False Designation of Origin or Sponsorship, and False Advertising Under 15 U.S.C. § 1125(a), against all defendants)

24. Ford realleges and incorporates herein the allegations above.

25. Defendants' use of Ford's trademarks is likely to confuse, mislead or deceive customers, purchasers, and members of the general public as to the origin, source, sponsorship, or affiliation of Defendants' services and products, and is likely to cause such people to believe in error that Defendants' products and services have been authorized, sponsored, approved, endorsed, or licensed by Ford or that Defendants are in some way affiliated with Ford.

26. Defendants' acts constitute false or misleading descriptions, false advertising, and false designations of the origin and/or sponsorship of Defendants' goods in violation of Section 43(a) of the Lanham Act, as amended, 15 U.S.C. § 1125(a).

27. By reason of Defendants' actions, Ford has suffered irreparable harm to Ford's trademarks. Unless Defendants are restrained from its actions, Ford will continue to be irreparably harmed.

28. Ford has no remedy at law that will compensate for the continued and irreparable harm that will be caused if Defendants' acts are allowed to continue.

29. As a direct and proximate result of Defendants' conduct, Ford is entitled to the equitable remedy of an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by Defendants from its infringing and diluting use of Ford's trademarks pursuant to 15 U.S.C. § 1117.

## COUNT IV
### (Trademark Dilution Under 15 U.S.C. § 1125(c), against all defendants)

30. Ford realleges and incorporates herein the allegations above.

31. Ford's trademarks have become famous and distinctive worldwide through Ford's

continuous and exclusive use of them in connection with Ford's products and services.

32. Because Ford's products and services have gained a reputation for superior quality, durability, and performance, Ford's trademarks have gained substantial renown.

33. Defendants have willfully and intentionally used and continue to use Ford's trademarks or confusingly similar variations thereof in connection with the advertisement, promotion, and sale of Defendants' products and services.

34. Defendants' use of Ford's trademarks, and confusingly similar variations thereof, has caused and continues to cause irreparable injury to and actual dilution of the distinctive quality of Ford's trademarks in violation of Ford's rights under 15 U.S.C. § 1125(c). Defendants' wrongful use of Ford's trademarks dilutes, blurs, tarnishes, and whittles away the distinctiveness of Ford's trademarks.

35. Defendants have used and continue to use Ford's trademarks, and confusingly similar variations thereof, willfully and with the intent to dilute Ford's trademarks, and with the intent to trade on the reputation and goodwill of Ford and of Ford's trademarks.

36. As a direct and proximate result of Defendants' conduct, Ford has suffered irreparable harm to Ford's trademarks.

37. Unless Defendants are enjoined, Ford's trademarks will continue to be irreparably harmed and diluted. Ford has no adequate remedy at law that will compensate for the continued and irreparable harm Ford will suffer if Defendants' actions are allowed to continue.

38. As a direct and proximate result of Defendants' conduct, Ford is entitled to the equitable remedy of an accounting for, and a disgorgement of, all revenues and/or profits wrongfully derived by Defendants from their infringing and diluting use of Ford's trademarks pursuant to 15 U.S.C. § 1117.

WHEREFORE, Ford prays for relief as follows:

1. For judgment against Defendants and in favor of Ford for preliminary injunctive relief, a permanent injunction as set forth more particularly above;

2. For an award of damages, both compensatory and punitive; and

3. For such other and further relief as is just and equitable.

DATED this 26th day of May, 2010.

                              HOWARD, PHILLIPS & ANDERSEN

                              s/Scott R. Ryther
                              Gregory D. Phillips
                              Scott R. Ryther
                              Attorneys for Plaintiffs